(Pleito No. 238.—Fallado en 24 de Diciembre de 1902.)

## BIANCHI contra EL REGISTRADOR DE LA PROPIEDAD.

### SOLICITUD de un *Mandamus*.

LIQUIDACIÓN DE SOCIEDADES MERCANTILES.  Si bien con arreglo al artículo 228 del Código de Comercio, desde el momento en que una sociedad se declare en liquidación, cesará la representación de los socios administradores para hacer nuevos contratos y obligaciones, quedando limitadas sus facultades, en calidad de liquidadores, á percibir los créditos de la compañía, á extinguir las obligaciones contraídas de antemano, según vayan venciendo, y á

realizar las operaciones pendientes, esto se entiende, cuando en la escritura de constitución de la sociedad no se hubieren establecido otras reglas para la liquidación.

## RESOLUCIÓN.

Puerto Rico, Diciembre veinte y cuatro de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Abogado Don José de Diego á nombre de Don Juan Bianchi y Pagán, contra negativa del Registrador de la Propiedad sustituto, de Mayagüez, á inscribir una escritura hipotecaria.—Resultando: Que por escritura pública otorgada en Mayagüez ante el Notario de la misma Don Santiago Rosendo Palmer, en tres de Abril de mil ochocientos ochenta y ocho, Don Antonio Blanes y Massanet y Don Salvador Suau y Mulet, en su carácter de socios gestores de la mercantil que giraba en aquella plaza bajo la razón de Blanes y Cª, y el segundo además como apoderado del socio comanditario Don Monserrate Blanes y Massanet, que se encontraba ausente, acordaron dar por disuelta dicha sociedad, como así lo verificaron, declarando el socio Don Antonio Blanes que estaba pagado de toda la participación que le habia correspondido en el haber de la sociedad, y haciendo el otro compareciente Don Salvador Suau igual declaratoria respecto de su poderdante Don Monserrate Blanes y Massanet, y conviniéndose en que Don Salvador Suau quedaría hecho cargo del activo y pasivo de la extinguida sociedad Blanes y Cª, y en su consecuencia dueño de los inmuebles, existencias, cuentas y efectos que componían dicho activo, así como obligado al solvendo de su pasivo, relevando á sus socios Don Antonio y Don Monserrate Blanes de toda responsabilidad, y haciéndose él solo responsable en absoluto de la liquidación de la extinguida casa.—Resultando: Que dos días después, ó sea por escritura pública de cinco de Abril del mismo año, otorgada también en Mayagüez, ante el mismo Notario Don Santiago R. Palmer, Don Salvador Suau y Mulet, Don Sebastián Castañer y Morell y Don Francisco Oriosolo y Sarriá, constituyeron una nueva sociedad

mercantil regular colectiva, bajo la razón de S. Suau y Cᵃ, con un capital de cincuenta y cuatro mil sesenta y dos pesos, cincuenta y tres centavos, que imponían en la forma siguiente: Don Salvador Suau y Mulet, treinta y nueve mil quinientos cuarenta y un pesos y treinta y cinco centavos, en inmuebles, cuentas y mercaderías que representaba en la extinguida sociedad Blanes y Cᵃ, de la que fué socio y era en aquella fecha su único liquidador, como resultaba de la escritura de disolución de dicha sociedad, celebrada en tres del mismo mes de Abril; Don Sebastián Castañer y Morell, siete mil doscientos sesenta pesos, cincuenta y nueve centavos, en cuentas y mercaderías de la casa que tenía abierta en aquella Ciudad bajo su solo nombre, la que quedaba extinguida, ingresando su capital en la nueva casa; y Don Francisco Oriosolo y Sarriá, la suma de siete mil doscientos sesenta pesos, cincuenta y nueve centavos, en las existencias de todo género de la disuelta sociedad Blanes y Cᵃ, que le correspondió, según balance, como socio industrial que había sido de la misma; haciéndose cargo la nueva sociedad de liquidar las dos casas extinguidas de Blanes y Cᵃ y Don Sebastian Castañer, y constituyéndose responsable de cubrir el pasivo que en cada una resultara de sus libros y balances respectivos.—Resultando: Que vencido el término de la duración de dicha sociedad, por otra escritura de veinte y seis de Abril de mil ochocientos noventa y dos, otorgada en la misma Ciudad de Mayagüez y ante el mismo Notario Don Santiago R. Palmer, Don Salvador Suau y Mulet y Don Francisco Oriosolo y Sarriá constituyeron otra sociedad mercantil bajo la misma razón social de S. Suau y Cᵃ, con un capital de sesenta y tres mil novecientos veinte y ocho pesos, treinta y un centavos, moneda corriente, que imponían los socios en mercaderías, créditos y cuentas procedentes de la extinguida sociedad S. Suau y Cᵃ; teniendo ambos socios á su cargo indistintamente la administración y gerencia de la sociedad con el uso de la firma social, quedando autorizados para hacer cada uno en nombre de ella

toda clase de operaciones, negocios y especulaciones mercantiles, ventas y compras de inmuebles, cancelar y recibir las hipotecas de la sociedad, recibir en pago de créditos fincas de todo género, hipotecar los inmuebles de aquélla, y hacer todo cuanto tuvieran por conveniente, sin limitación alguna; y quedando la nueva sociedad S. Suau y Cª, como única dueña de todo el activo y pasivo de las anteriores que existían en la Ciudad de Mayagüez bajo la razón de S. Suau y Cª, Blanes y Cª, y la de Don Sebastián Castañer, y por lo tanto que ambos socios Sres. Suau y Oriosolo tendrían indistintamente á su cargo las liquidaciones de las mismas, con todas las facultades en derecho necesarias y que se les habían conferido como administradores gerentes de la nueva sociedad S. Suau y Cª—Resultando: Que en diez y seis de Agosto último, y por escritura otorgada en la misma Ciudad de Mayagüez ante el Abogado y Notario Don José de Diego y Martínez, Don Francisco Oriosolo y Sarriá, en su carácter de liquidador de las extinguidas sociedades S. Suau y Cª, y Blanes y Cª, reconoció deber á Don Juan Bianchi y Pagán la suma de tres mil pesos, moneda americana, que le había facilitado en calidad de préstamo, para amortizar una deuda contraída por la extinguida sociedad Blanes y Cª, de la que se había hecho responsable la también extinguida sociedad S. Suau y Cª, de la que era liquidador el compareciente, y en su consecuencia se comprometía al pago de dicha cantidad en el término de un año, ó sea el diez y seis de Agosto de mil novecientos tres, con el interés del doce por ciento anual, pagadero mensualmente, hipotecándole á la seguridad del pago una casa-almacén de mampostería, terrera y de azotea, y otra casa media agua, terrera también, techada de hierro galvanizado, con el solar en que estaban enclavadas ambas casas, radicado en la misma Ciudad de Mayagüez, barrio de la Marina, calle de Méndez Vigo, número 109, y pertenecientes en propiedad á la liquidación de la extinguida sociedad Blanes y Cª, que la hubo por compra á Don Juan José de Cartagena, por escritura que

obraba inscrita en el Registro de la Propiedad de aquel Distrito.—Resultando: Que presentada dicha escritura para su inscripción en el Registro de la Propiedad de Mayagüez, le fué denegada por el Registrador, por los motivos que expresa la nota puesta al pie de dicha escritura, que copiada á la letra dice así:—"No admitida la inscripción del precedente documento, por observarse los defectos de aparecer de la escritura de disolución de la sociedad Blanes y Cª, de fecha tres de Abril de mil ochocientos ochenta y ocho, otorgada en esta Ciudad ante el Notario Don Santiago R. Palmer, que todo el haber de la misma, á excepción de lo que en dicha escritura se adjudicó al socio Don Antonio Blanes y Massanet, pasó á la propiedad del socio Don Salvador Suau, especificándose en la misma escritura que éste quedaba dueño de los inmuebles, existencias, cuentas y efectos pertenecientes al activo de la expresada sociedad Blanes y Cª, por lo que el Sr. Oriosolo no tiene representación para la constitución del gravamen; por resultar del documento confusión y falta de claridad en cuanto á la representación del Sr. Oriosolo, pues consta del mismo que concurre en su carácter de liquidador de la mercantil que giró bajo la razón de S. Suau y Cª, y con el mismo carácter de la disuelta sociedad Blanes y Cª, así como en cuanto á la entidad deudora y á la que constituye la hipoteca, resultando además que se constituye la hipoteca en nombre y con la representación de ambas sociedades, y el inmueble sólo aparece inscrito á favor de Blanes y Cª; y por último, porque aún en el caso de que el Sr. Oriosolo tuviese la representación de la sociedad Blanes y Cª, según el artículo 228 del Código de Comercio, queda limitada la facultad de los liquidadores á extinguir las obligaciones contraídas y á realizar las operaciones pendientes, cesando su representación para hacer nuevos contratos y obligaciones; y tomada anotación preventiva que tendrá efecto legal durante ciento veinte días desde su fecha, en virtud de lo resuelto por la ley de la Asamblea Legislativa de esta Isla sobre recursos

contra las resoluciones de los Registradores de la Propiedad, aprobada en primero de Marzo último, al folio 51 del tomo siete del Ayuntamiento de esta Ciudad, finca número setenta y ocho, duplicado, anotación letra A.; con vista de la escritura de disolución de la sociedad Blanes y Cª, antes citada, y de las de constitución de las sociedades S. Suau y Cª. Mayagüez, veinte y nueve de Septiembre de mil novecientos dos."—Resultando: Que contra esta nota ha interpuesto en tiempo ante este Tribunal Supremo el abogado Don José de Diego y Martínez, á nombre de Don Juan Bianchi y Pagán el presente recurso gubernativo para que se revoque dicha nota y se le ordene al Registrador la inscripción de la escritura, con las costas á cargo del mismo; habiendo comparecido á su vez ante este Tribunal el Registrador sustituto, de Mayagüez, con escrito alegando las razones que estimara pertinentes en defensa de su derecho.—Resultando: Que por auto para mejor proveer se acordó requerir á la representación del recurrente para la presentación de la escritura de constitución de la primitiva sociedad S. Suau y Cª, que había tenido presente el Registrador al calificar la escritura hipotecaria de que se trata, y presentada que fué se agregó á sus antecedentes, y queda reseñada en el segundo Resultando.—Siendo Ponente el Presidente del Tribunal Don José. S. Quiñones.—Considerando: En cuanto al primer motivo en que se funda la negativa del Registrador de la Propiedad de Mayagüez, que si bien por la escritura de disolución de la sociedad Blanes y Cª, de tres de Abril de mil ochocientos ochenta y ocho, se hizo cargo Don Salvador Suau de todos los inmuebles, existencias, cuentas y efectos que componían el activo de dicha sociedad, esto fué en el concepto de liquidador de la misma, para cuyo cargo fué nombrado por la expresada escritura de disolución; y habiendo transferido después la liquidación de dicha casa con todo su activo y pasivo á la sociedad S. Suau y Cª constituída por la escritura de cinco de Abril del mismo año, cuya liquidación ejerce hoy la sociedad del mismo nombre, ó sean sus gestores

Don Francisco Oriosolo y Sarriá y Don Salvador Suau y Mulet, indistintamente, es evidente que las casas y solar hipotecados no pertenecen hoy en propiedad á Don Salvador Suau en particular, que no consta se los hubiera reservado, sino á la liquidación de Blanes y Cª, que no há terminado aún, y á cuyo nombre permanecen inscritos en el Registro de la Propiedad.—Considerando: Que tampoco es de estimarse el segundo motivo de la negativa del Registrador, pues atendidos los antecedentes expuestos en los anteriores resultandos y el contexto literal de la escritura de diez y seis de Agosto último, fácilmente se comprende que la entidad deudora de la obligación de que se trata es la liquidación de la primitiva sociedad S. Suau y Cª, que se hizo cargo y responsable de la de Blanes y Cª, y en este concepto nada tiene de anómalo ni introduce oscuridad ni confusión en la escritura que Don Francisco Oriosolo haya concurrido á su otorgamiento en su doble carácter de liquidador de Blanes y Cª y S. Suau y Cª, cuando como liquidador que es de esta última sociedad, tiene también á su cargo la liquidación de la primera.—Considerando: En cuanto al tercero y último motivo de la nota del Registrador, que si bien con arreglo al artículo 228 del Código de Comercio, desde el momento en que la sociedad se declare en liquidación cesará la representación de los socios administradores para hacer nuevos contratos y obligaciones, quedando limitadas sus facultades, en calidad de liquidadores, á percibir los créditos de la compañía, á extinguir las obligaciones contraídas de antemano según vayan venciendo, y á realizar las operaciones pendientes, esto se entiende, como lo expresa el artículo anterior, cuando en la escritura de constitución de la sociedad no se hubieran establecido otras reglas para la liquidación de la misma; y habiendo sido autorizado Don Francisco Oriosolo por la cláusula 14ª de la escritura de constitución de la nueva sociedad S. Suau y Cª, que lo instituyó liquidador de las dos anteriores, para hipotecar bienes y celebrar todas las transacciones y contratos que juzgaran convenientes, no se excedió

en sus atribuciones al celebrar la escritura hipotecaria de que se trata, máxime cuando ésta tiene por objeto precisamente extinguir una obligación pendiente de la liquidación de Blanes y C ª.—Se revoca la nota denegatoria puesta por el Registrador de la Propiedad sustituto, de Mayagüez, al pie de la escritura hipotecaria que motiva el presente recurso, y se le previene que proceda á inscribirla en la forma que corresponda.    Y devuélvase dicha escritura, con los demás documentos presentados, al Registrador de la Propiedad, con copia de la presente resolución, para su cumplimiento y demás efectos legales.—Lo proveyeron, mandaron y firman los señores del Tribunal Supremo, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. MacLeary.—A. F. Castro, *Secretario.*